STATE v. MINTON.

The defendant having failed to appear and plead to an indictment for misde-
meanor, his recognizance may then be estreated, before trial, sentence and
issue of bench warrant. MR. JUSTICE McIVER *dissenting.*

Before FRASER, J., Charleston, February, 1882.

The report of the presiding judge was as follows:

This case was heard by me at the term of the Court of Ses-
sions for Charleston county in February, 1882, and by consent
of counsel the decision was reserved, to be rendered after the
adjournment of the court.    Ben Tomkins was arrested on a
warrant duly issued, charged with larceny of live stock, under
the value of $20, and conceded by the State to be a charge of
misdemeanor and not felony.    He was released on the usual
recognizance, and Warren Minton, the respondent, was surety for
his appearance to answer.    It was admitted that Ben Tomkins
was duly called and failed to answer when the case was called for
trial.    The rule in this case was issued and duly served on War-
ren Minton, requiring him to show cause why the recognizance
should not be estreated and adjudged forfeited, and execution
issued for the penalty of the same—the sum of $200.    The
respondent shows, for cause, that there has been no bench
warrant issued for the arrest of Ben Tomkins, for sentence,
and no return of *non est inventus* on the same by the sheriff or
other proper officer.

The only question in the case submitted to me is, whether the
liability of the surety on the recognizance has been fixed by the
failure to appear and answer when called, or whether it is neces-
sary to issue a bench warrant and have a return of *non est inventus*
before the surety becomes liable.    In cases of felony there is no
doubt that the liability is fixed by the failure to appear and answer
when called, because there can be no trial without the presence of
the accused, at least in those cases where an arraignment is neces-
sary.    In cases of misdemeanor I think that the rule is the same,

with this modification : " If the accused once appears and pleads, it is not necessary to be present *de die in diem* until the case is disposed of, but he may absent himself, and his surety will be discharged if he should be arrested on a bench warrant or is delivered up by his surety to receive sentence." This view, I think, is in accord with the doctrine as laid down by *Hawkins ;* the book not being accessible I cannot give the page. In *State* v. *Rowe,* 8 *Rich.* 21, we find the following language: " In misdemeanors the defendant's obligation compels his appearance on the first day of the term and *de die in diem* until he has been discharged or has pleaded." It is also here said "that after he has pleaded that it is sufficient if he is present to receive sentence."

The absence of defendants and witnesses, when called in the Court of Sessions, has become a very great evil, and some means must be found to check it. If I had any doubt on a subject like this, it is my duty to put it in a position to be passed on by a tribunal which alone can settle the law in this State. It is therefore ordered and adjudged that the rule in this case be made absolute, and that the said recognizance be estreated, and is hereby adjudged forfeited, and that judgment be entered and execution be issued for the sum of $200; the penalty thereof, and costs, against Warren Minton, the respondent.

In the brief appears the statement, agreed to by counsel, " that the name of the appellant's attorney, S. J. Lee, appears as counsel for the defendant, Ben Tomkins, on the judge's docket."

Respondent appealed upon the following ground :

" Because the defendant, Ben Tomkins, being under recognizance to answer to an indictment for a misdemeanor, there was no legal impediment to his being tried, and his recognizance cannot be forfeited until he has been tried, convicted, and fails to appear for sentence of the court; and his Honor erred in not so holding."

*Mr. S. J. Lee,* for appellant.

*Mr. Solicitor Jervey,* contra.

April 21st, 1883.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   [Omitting the statement.] It is conceded that in misdemeanors, unlike felonies, the defendant may be tried in some cases in his absence, and as the object of the recognizance is to secure his presence so as to receive sentence, it has been unusual, if not unknown in this State before this case, for the bond to be adjudged forfeited till after conviction and failure to appear for sentence evidenced by bench warrant and a return of *non est inventus.*   The question, however, is not what has been the custom and practice, but what is the law on the subject.   We have been unable to find any case in our own reports bearing directly on this point.   In the case of *State* v. *Rowe,* 8 *Rich.* 21, Judge Glover, in delivering the opinion of the court, said: " In misdemeanors, the defendant's obligation compels appearance on the first day of the term, and *de die in diem* until he has been discharged or until he has pleaded.   After he has pleaded he appears by his attorney, and his recognizance will not be estreated, although he should fail to appear at each succeeding term, provided, that after conviction he be present to receive the sentence."

But that question was not directly involved in the case then before the court, as that was a case of felony.   These remarks, therefore, though falling from the lips of a learned judge, can not be recognized as controlling authority, as they were merely *obiter.*   Nor have we been able to find any decisions in our sister States, except in the State of Kentucky.   In that State, in a recent case referred to in 2 *Crim. L. Mag.* 411, the case of *Walker* v. *Commonwealth,* 2 *Ken. Law Rep.,* March, 1881, *p.* 197, the precise question was made and adjudged, the court holding that trial and conviction was not necessary in order to forfeit bail in a misdemeanor, and that the liability of the surety was fixed when the defendant failed to appear.   As the volume of the Kentucky Reports in which this case is found is not in the library, we have not had opportunity of reading it in full, and of ascertaining the grounds upon which the decision rests; whether upon statute regulations, the terms of the recognizance or otherwise; but as reported in the magazine referred to, it is

full and direct to the point, and in accordance with the remarks of Judge Glover above.

The condition of the recognizance is stated to be the same in misdemeanor as in felony, it being that the accused "shall personally appear * * * to answer to a bill of indictment to be preferred against him, and to do and receive what shall be enjoined by the court, and not to depart without leave." This, according to its literal terms, would seem to require personal appearance both to answer (that is, to plead,) and to receive what shall be enjoined by the court, the sentence. We think that it is a sufficient indulgence to a defendant in misdemeanor that he should not be required to remain in court *de die in diem* after appearing and pleading, but his recognizance demands that he shall do that much in the first instance, and we can see no good reason why the court should relax his obligation and make a new contract for him. Besides, the weight of authority is against such ruling.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE McGOWAN. I concur. A copy of the recognizance is not before us, but it is taken as a matter of course that its tenor was in express terms that the accused would "personally appear" and answer the offense charged at the next ensuing term of the Court of General Sessions. That was his express obligation, which was broken by his non-appearance. In regard to misdemeanors which may be tried without the presence of the accused, it may, as a rule, be unnecessary to enforce the appearance of the accused until after conviction. Upon this view probably has grown up the practice said to exist, not to ask that the recognizance should be declared forfeited until after conviction. I do not see that any particular harm can come from such practice, which may be generally the most convenient, especially as the party accused may not be convicted. But when the Circuit judge, for reasons satisfactory to himself, has thought it proper to estreat the recognizance for default before trial, I am unable to affirm that such order is error of law.

MR. JUSTICE McIVER *dissenting*. [Omitting the statement.] I am unable to perceive any sufficient reason for departing from what I have always understood to be the universal practice in this State, in regard to estreating recognizances of defendants charged with misdemeanors only. According to that practice the recognizance was never estreated until the defendant had been convicted and had failed to appear to receive sentence, for the reason that until that time there was no occasion for his personal appearance. When the court had once obtained jurisdiction of the person of the defendant by his arrest, the trial could proceed in his absence, and there was no reason why his personal presence should be required. If he chose to absent himself at the trial, that was his own affair; and if he sustained any injury by such absence, he alone was responsible for it. It was not even necessary that he should appear in person and plead to the indictment, for in misdemeanors the defendant could appear and plead by attorney. As is said in 1 *Chit. Crim. Law* 411 : "Although we have seen that no one can be convicted of a felony in his absence, and at the assizes and sessions the defendant must appear in person before plea, it is otherwise in the King's Bench in the case of misdemeanors, for the defendant may in that court, when the crime is inferior to felony, appear by attorney." To same effect see 1 *Bac. Abr., tit. Attorney, B.*, and 1 *Com. Dig., tit. Attorney, B.* 5, *p.* 623.

In this case it appears from the agreed statement of facts, that Tomkins had appeared by attorney, for it is admitted that the name of appellant's attorney appears on the docket as counsel for said Tomkins. It seems to me, therefore, that there was no sufficient ground for estreating the recognizance in this case, and that the Circuit judge erred in ruling otherwise, and that he should have held that the recognizance was not liable to be estreated until Tomkins had been tried and convicted and failed to appear when called for sentence.

The argument drawn from the phraseology of the condition of the recognizance seems to me to be without support. There is nothing in the "Case," as presented here, which shows what was the language used in the condition of the recognizance, and I am not aware of any statute prescribing the form of such

instruments, from which it could be inferred that any particular form was used in this case. If we are to take the form of the instrument from usage, then it seems to me that we should adhere to the construction which usage has given to such form, as exhibited in the universal practice hereinbefore alluded to. But, even supposing that it be conceded, as stated in the argument of the solicitor, that the form of the recognizance in misdemeanors is the same as in felony, requiring that the accused "personally appear * * * to answer to a bill of indictment to be preferred against him, and to do and receive what shall be enjoined by the court, and not depart without leave," I do not see how that helps the argument. It is conceded that, though the form of the recognizance is the same in felony and in misdemeanor, yet the rule is different as to the obligations imposed in the two classes of cases, and this is sufficient to show that the form is not controlling.

The argument is that, according to what is claimed to be the form of this recognizance, the defendant is not only required "to do and receive what shall be enjoined by the court," but that he is also required to "personally appear * * * to answer to a bill of indictment;" and, therefore, a failure to do either one of these two things operates a forfeiture of the recognizance. It will be observed, however, that there is a third requirement in the language used, to wit: "and not depart without leave;" and yet no one has ever contended that a failure to observe this third requirement would operate as a forfeiture of the recognizance. Indeed, it seems to me plain that the language relied upon affords only one of the numerous instances of that verbosity and tautology so frequently found in old acts of parliament and statutes and legal instruments, as to furnish no little foundation for the reproaches, not to say ridicule of laymen; and all that it really means is that the accused shall not put himself beyond the reach of the court when he is needed. At all events, this is the construction which has always been given, and I am quite satisfied to adhere to it.

I have not been able to obtain access to the case from Kentucky, relied upon by the solicitor, and, therefore, do not know whether it is in point or whether it rests upon some statutory

provision or practice adopted in that State. But, even if it is directly in point, though entitled to great respect, it is not authority here; at least not sufficient to warrant the reversal of a practice which has long, if not always, been followed in this State, and which, so far as my experience and observation goes, has worked very well.

For these reasons I cannot concur in the conclusions reached by a majority of the court.

Judgment affirmed.