No. 3279. STATE *v.* MEYERS, November Term, 1893. In this case the court say: The defendant (appellant) was tried, in his absence and in the absence of his counsel, at the June Term, 1893, of the Court of General Sessions for Charleston County, for the offence of keeping a gaming table. After his conviction and sentence, he appealed therefrom. The grounds raise substantially these questions: *First.* That the Circuit Judge erred in failing to charge the jury that an indictment which charged the defendant with keeping a gaming table was not sustained by proof only that the defendant kept a public place for gaming, and that such variance was fatal. *Second.* That in the absence of proof of the charge set up in the indictment, the Circuit Judge erred in not directing an acquittal. *Third.* That the Circuit Judge erred in charging the jury "that the testimony tends to show that the defendant keeps a public house, where liquors are sold," whereas the proof was that defendant kept a saloon.

It may be well to remark at the outset, that by the laws of this commonwealth, when an offence cognizable by the Court of General Sessions is committed, the Court of General Sessions acquires jurisdiction of the person of the offender by his arrest. After his arrest, except in capital cases, he is entitled to bail, as of right; and one of the conditions of his recognizance is

that he will appear at the next term of the Court of General Sessions of the county where the offence was committed, to answer such indictment as may be preferred against him. By our Constitution, such offender is allowed to appear in his defence by counsel, or in person, or both. This appellant, after his arrest and bail, neglected to appear at his trial, either in person or by counsel, though he had counsel. The charge being a misdemeanor, his trial was legal in his absence. After his conviction and sentence under these circumstances, he now appeals to the Supreme Court, and for the first time alleges error in his trial in the Circuit Court.

As will be observed, in the first ground of appeal the appellant alleges that the Circuit Judge erred in failing to make a charge that appellant now thinks would have inured to his benefit. By numerous decisions of this court it has been held to be the law in this State, that no such allegation of error will be considered in this court unless a request for such charge has been made to the Circuit Judge on the trial before him.

The second ground of appeal is not tenable. Not only did the appellant fail to make any request of the Circuit Judge to this effect while the offence was undergoing investigation in the court below, but in the "Case" for appeal some proof of the charge does appear. This court being confined by the provisions of our Constitution to the correction of errors of law in cases of law, is powerless to interfere here.

The last allegation of error involves the question of variance between the offence set up in the indictment and the proof adduced at the hearing. It is too late to raise that question for the first time, in a case on the law side of the court, in this court. See the judgment just filed in *State* v. *Robinson, ante,* 553.

Judgment affirmed. Opinion by MR. JUSTICE POPE, January 26, 1894. *J. C. Miller* and *C. E. Prioleau*, for appellant. *Jervey,* solicitor, contra.