<hr />

STATE v. BOWMAN.

1. INDICTMENT WITHOUT AFFIDAVIT.—The State's solicitor may present a bill of indictment to the grand jury without previous affidavit and warrant, and a true bill being found, bench warrant issued, and defendant arrested, he is not entitled to his discharge under *habeas corpus*, the exercise of this power on the part of the solicitor not having been abused.

Before WITHERSPOON, J., Beaufort, September, 1894.

Application by Arthur Bowman for discharge from arrest in the case of State *v.* Bowman, heard on Circuit upon the following agreed statement of facts:

The petitioner, Arthur Bowman, was arrested upon a bench warrant issued by the clerk of the Court of General Sessions for this county. No affidavit charging any offence was made by any person against said petitioner before any committing or examining officer, and no warrant was issued by any officer for the arrest of said Arthur Bowman, but the solicitor, of his own motion, upon the request of the prosecutor and his statement, gave out a bill of indictment against said Bowman, charging assault and battery, with intent to kill, upon which the grand jury found a "true bill," and thereupon petitioner was, for the first time, arrested upon a bench warrant as aforesaid. Some ten days or more before the opening of the Court of Sessions, Trial Justice S. C. Cunningham held an examination into the same charge against said Bowman, in due course of law, upon affidavit made and warrant issued, and, after full investigation, dismissed the said Bowman, and no further proceedings were had until as above stated by the solicitor.

The order of the Circuit Judge was as follows: The counsel for the defendant insists that the defendant should be discharged, as the bill found by the grand jury was not based upon an *affidavit* charging the defendant with any offence, but that the prosecution in this court was instituted upon the motion of the solicitor. It seems to me that the sections of the Constitution and of the General Statutes cited and relied upon by defendant's counsel apply to the rights of a defendant charged with crime when placed upon *his trial.* I do not find anything in the Constitution or laws of this State that *prohibits* the proceeding under which the defendant was arrested, and is now within custody of the sheriff. The defendant has the right to apply for bail before a trial justice, and this, it seems to me, is his proper remedy. It is, therefore, ordered and adjudged, that the defendant's petition for his *discharge* from custody, upon the ground that he has not been prosecuted according to

law, be *refused*, without prejudice, however, to the defendant's right to apply to a trial justice for bail, if he be so advised.

Defendant appealed on the following grounds: I. Because his honor erred in holding that the solicitor could, upon his own motion, and without information on oath, institute, through the medium of the grand jury, the prosecution of a citizen. II. Because his honor held that a bill of indictment could be given out by the soliciton, on his own motion, without there having been any charge preferred on oath, as the foundation of such bill of indictment. III. Because his honor held, in effect, that a citizen could be held to answer to an indictment, he never having been confronted with his accusers or had the opportunity to cross-examine them. IV. Because to hold a citizen to answer to an indictment found by a grand jury, when such citizen was ignorant of the fact even that a charge had been made against him, and had not been charged, on oath, with the commission of any offence, and had not been arrested and had the opportunity of confronting and cross-examining the witnesses against him, was error, and the Circuit Judge should so have found. V. Because the Circuit Judge erred in holding that, there being no provision in the Constitution or laws of the State prohibiting such proceeding, such proceeding was, therefore, lawful. VI. Because the Circuit Judge erred in not discharging the petitioner, and in not holding that he was illegally arrested and held in custody.

   *Messrs. W. G. Verdier* and *A. M. Boozer*, for appellant.

   *Mr. Bellinger*, solicitor, contra.

   February 16, 1895. The opinion of the court was delivered by

   MR. JUSTICE GARY. The agreed statement of facts upon which the case was heard by his honor, Judge Witherspoon, together with the order of Judge Witherspoon and appellant's exceptions, will be set out in the report of the case. His honor, Judge Witherspoon, states in his order that the attorney for the defendant moved for the discharge of the prisoner, on the grounds that "the bill found by the grand jury was not

based upon an affidavit charging the defendant with any offence, but that the prosecution in this court was instituted upon the motion of the solicitor." The failure of the presiding judge to sustain this objection is made the grounds of appeal to this court.

In the case of *United States* v. *Kilpatrick*, 16 Fed. Rep., 765, the court says: "The district attorney, according to the usual practice, may, on his official responsibility, send a bill to a grand jury without a prior arrest and binding over; but he should exercise this power cautiously, and never so act unless convinced that the exigencies of the occasion or the general public good demand it. If he has any doubts as to the propriety of such action he should consult the court. Whar. Crim. Law, 458, and notes. Mr. Justice Field, in an able and well considered charge to a grand jury in California (5 Am. Law J., 259), very clearly defined his views as to the powers and duties of grand juries in the Federal Courts. He said, in substance, that their investigations are limited to such offences as are called to their attention by the court, *or submitted to their consideration by the district attorney;* or such as may come to their knowledge in the course of their investigations of matter brought before them, or from their own observations; or such as may be disclosed by the members of the body. With the above *exceptions,* he was of opinion that all criminal prosecutions should be commenced by preliminary examinations before a magistrate, where a person accused of crime may meet his accuser face to face, and have an opportunity for defence; as this method of procedure affords the citizen the greatest security against false accusations from any quarter. He also, in strong terms, directed the grand jurors not to allow *private* prosecutors to intrude themselves into the grand jury room and present accusations" (italics ours).

In Thomp. & Mer. on Juries, section 607, it is said: "It is provided by the sixth amendment to the Constitution of the United States, among other things, that 'in all criminal prosecutions the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for ob-

taining witnesses in his favor, and to have the assistance of counsel for his defence.'   Although the settled construction of this provision is that it was not assigned as a limit upon the State governments in reference to their own citizens, but exclusively as a restriction upon Federal power, it is believed that a provision of similar import will be found in the Constitution of each State.   Such a provision does not prohibit other modes of originating criminal charges against offenders than that by a prosecution before a committing magistrate."

In section 608, *Ibid.*, it is said: "The grand jury is not necessarily deterred from finding an indictment, because, at the time the charge is presented to them, it is undergoing examination before a magistrate.   This circumstance has only a persuasive force with the body to postpone action upon the charge.   Cases may be readily imagined where it is highly important to proceed by indictment without delay, and the law does not interfere with the exercise of discretion by the grand jury in such emergencies."

In section 610, *Ibid.*, it is said: "In view of the fact, that the grand jury have, from time immemorial, possessed the power to present for offences other than those brought to their attention by bills formally prepared, it is clear that so important a right of the people will not be divested, unless by the positive terms of a statute which will admit of no other construction. The statutes generally provide for the examination of accused persons by committing magistrates, and direct, with considerable detail, how this proceeding shall be conducted. Nevertheless, the accused cannot, by virtue of such statutes, show, in abatement of an indictment, that no preliminary examination was had.   The examination enjoined is a mere expedient to prevent the suspected person from escaping, or for preserving the evidence, or keeping the witnesses in control.   Otherwise, it is clear that no case could be brought before a grand jury, unless the defendant were under arrest, and this he might elude until the offence should be condoned by a statute of limitation.   Furthermore, the determination of the magistrate to discharge an accused person, would be conclusive against the

public.  He might grossly err, or act from improper motives, and there would be no remedy.''

In section 611, *Ibid.*, it is said: ''Indictments, however, originate with the grand jury in a variety of ways, which will now be noticed: 1. By the court giving a matter of general notoriety specially in charge.  2. By the exercise of powers, *ex officio*, of the prosecuting officer.  3. From the knowledge of the grand jury.  4. By the exercise of general and special inquisitorial powers by that body.  The procedure here indicated is not recognized by all courts.  Few, if any, courts would deny what is stated in propositions 1 and 2.''

In section 613, *Ibid.*, it is said: ''Another exception to the general rule is the conceded right of the attorney general, or other prosecuting officer, to bring to the attention of the grand jury the circumstances of a particular case, for their action. In practice, this power should be cautiously exercised—generally under the direction of the court—and never unless the public good demands it.  It is evident that this emergency includes a limited class of cases—for example, such as where the accused has fled the State, and an indictment found may be required previous to demanding him from a neighboring State, or where a less prompt mode of proceeding might lead to the escape of the offender.  When the public officer exercises this power without some pressing and adequate necessity to justify the course, it is the duty of the court to set the officer's act aside.  The action of the officer and the court can be made the subject of review by an appellate court only when the abuse of their powers is both manifest and flagrant.''

There is nothing in the ''Case'' showing that the exercise of this power was abused.

It is the judgment of this court, that the order of the Circuit Court be affirmed.