STATE v. BROWN.

PRELIMINARY EXAMINATION — MAGISTRATE — GRAND JURY — INDICT-MENT.—THE ACT, 22 STAT., 698, requiring magistrates to hold preliminary examinations in cases beyond their jurisdiction does not oust the grand jury of its constitutional right to present by indictment a party for violating the dispensary law.

Before TOWNSEND, J., Union, June term, 1901. Reversed.

Indictment against Frank Brown for violation of dispensary law. From order quashing the indictment the State appeals.

*Assistant Attorney General U. X. Gunter,* for appellant, cites: 54 S. C., 313; 43 S. C., 108.

*Mr. Ben. F. Townsend,* contra.

February 12, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. This appeal is intended to question the legality of the order passed by his Honor, Judge Townsend, while presiding at the June, 1901, term of the Court of General Sessions for Union County, in this State, quashing

the indictment presented by the grand jury, wherein the respondent, Frank Brown, was charged with a violation of what is known as the dispensary law of this State, on the single ground that the said Frank Brown was entitled, as a necessary preliminary step to his being indicted for such offense, to have the committing magistrate, John P. Page, Esq., to furnish him a preliminary examination under the act of the General Assembly of this State, approved the 21st day of February, A. D. 1898, entitled "An act to require magistrates to hold preliminary investigations in criminal cases beyond their jurisdiction unless waived in writing." See 22 volume of Stat. at Large, 698. There is no doubt that the indictment charged the defendant, Frank Brown, with an offense beyond the jurisdiction of the magistrate to try. It was necessary that the offense should be tried in the Court of General Sessions. To be tried in the Court of General Sessions, it was necessary that an indictment should be found against him by the grand jury for Union County. See sec. 17, of art. I., of the Constitution of the State, adopted in the year 1895. It remains to be seen if there is any force in the position that the act of 1898, hereinbefore recited by its title, requires that a preliminary hearing must be had by the magistrate before whom the affidavit is made, and by whom the warrant was issued, charging Frank Brown with the crime in question, before a grand jury can act upon an indictment setting out the offense against such defendant. It may be as well to recite such act at this juncture; it is as follows: "An act to require magistrates to hold preliminary investigations in criminal cases beyond their jurisdiction, unless waived in writing. Section 1. Be it enacted by the General Assembly of the State of South Carolina, That it shall be the duty of any magistrate who issues a warrant charging a crime beyond its jurisdiction, to grant and to hold a preliminary investigation of the same upon demand of the defendant at any time before trial, at which investigation the defendant shall have the right to cross-examine the State's witnesses in person or by counsel, and to have the reply in argument, if

there be counsel for the State, and to be heard in argument· in person or by counsel as to whether a probable case has been made out and as to whether the case ought to be dismissed by the magistrate and the defendant discharged without day. And the defendant, when first brought before the magistrate, shall have the right to demand a removal of the hearing to the next magistrate on the same ground as in cases within the jurisdiction of the magistrate, and shall be granted two days, if requested, within which to prepare a showing for removal: *Provided,* The defendant be held by recognizance in bailable cases or committed for custody in the meantime. Approved the 21st day of February, A. D. 1898."

The terms of the act certainly impose upon the magistrate the duty of giving to the defendant in cases beyond his jurisdiction to try, a preliminary investigation, unless waived in writing, on the demand of the accused; but it is nowhere intimated in this act that such preliminary hearing before the magistrate ousts the grand jury of the ancient right to investigate all matters within their county. Indeed, it will be observed that there are no words in this act repealing any other legislation on this subject. In the two cases of the *State* v. *Bowman,* 43 S. C., 108, and the *State* v. *Bullock,* 54 S. C., 313, this Court held that it was in the power of the grand jury to find bills of indictment even when there was no previous action taken before a magistrate, and this act of 1898 only refers to cases where the magistrate neglects his duty of giving a preliminary examination. The Circuit Judge was, therefore, in error when he quashed this indictment. His order must be reversed and the action remanded to the Court of General Sessions for Union County for a trial of the defendant upon the indictment found.

It is the judgment of this Court, that the order of the Circuit Judge appealed from be reversed, and the action remanded to the Circuit Court for trial.