6849

## STATE v. RABENS.

1. RECOGNIZANCE—MAGISTRATE—PRELIMINARY EXAMINATION.—WARRANT issued by a magistrate against one not found in his county may be served in another county after indorsement by a magistrate of such county, and defendant may properly give bond before such magistrate for his appearance before the issuing magistrate for preliminary examination. The indorsing magistrate can not grant such hearing.

2. IBID.—IBID.—IBID.—A defendant under recognizance to appear at a preliminary examination forfeits his recognizance and waives the examination by not appearing in person. The magistrate is under no obligation to go on with the examination, but may send the case at once to the Court of Sessions.

3. GRAND JURY may find a true bill while preliminary examination is pending.

4. CONTINUANCE.—Refusal to continue a case beyond the term under facts here on ground that defendant and his counsel had not had time to properly prepare the defense and on supposition that case would not be tried until next term, also refusal to continue case until next day on account of fatigue of counsel in traveling a long distance, defendant having other able counsel in court, and court having no other business, *held* not an abuse of discretion.

5. MISDEMEANOR.—A defendant may be tried for a misdemeanor in his absence.

6. ACCOMPLICE.—EVIDENCE as to presence at place of commission of a burglary of articles stated in the evidence of an accomplice as having been used in the breaking is competent to corroborate him.

7. EVIDENCE—DECLARATIONS.—Admission of declarations of a defendant to a witness that he had received money from one not shown to have been connected with the crime to be paid to a lawyer, which he did, is irrelevant, but had no tendency to incriminate defendant.

8. CHARGE.—It is not error for Judge to submit to jury whether defendant had been deprived of his constitutional rights, after having formerly ruled he had not been.

9. CHARGE.—Upon criticism being made in argument by defendant's counsel that he had not had opportunity to prepare his defense, and that he was being unfairly tried in his absence, it is not error for trial Judge to state the facts under which case was brought to trial.

10. REHEARING refused.

Before GARY, J., Oconee, spring term, 1907.    Affirmed.

Indictment against H. Rudolph Rabens for knowingly receiving stolen money. From sentence on verdict of guilty, defendant appeals.

*Messrs. W. Turner Logan* and *R. T. Jaynes,* for appellant. *Mr. Logan* cites: *Right of accused to preliminary examination:* 40 S. C., 555. *A defendant should not be tried in his absence when his punishment is imprisonment:* 6 Ency., 998; 1 Cust., 433; 1 Bish. New Crim. Prac., 175; 19 Ark., 214; 33 Ky., 84; 25 Vt., 93; 67 Me., 423; 42 W. Va., 246; 40 S. C., 549, 553, 555. *Criticism of Judge of argument of counsel error:* 16 S. C., 453; 52 S. C., 480; 77 S. C., 405. *Comment by Judge that defendant does not testify is error:* 35 S. C., 197; Code 1902, 2643.

*Mr. Jaynes* cites: *Defendant should be given sufficient time to prepare his defense:* 4 Ency. P. & P., 833; 6 Ency., 992. *Objection of failure to grant preliminary examina-*

*tion should be taken by plea in abatement:* 16 Ency. P. & P., 966-7.

*Solicitor Julius E. Boggs,* contra.

The opinion in this case was filed February 21, 1908, but on petition for rehearing remittitur was held up until

April 8, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The count of the indictment on which H. Rudolph Rabens was tried and convicted in his absence, charged him with the misdemeanor of receiving, with guilty knowledge, from James Johnson, John Fisher and John F. McCarthy, $8,338.81, stolen by them from the safe of the Courtenay Manufacturing Company. His counsel, earnestly contending that he has not had a fair trial according to law, attack almost every step in the proceedings. The objections to the regularity of the proceedings before trial were made by motion to quash the indictment, on the grounds now to be considered.

Magistrate Crisp, of Oconee County, on January 18, 1907, issued a warrant for house-breaking, larceny and receiving stolen goods. Rabens being a resident of Charleston, Magistrate Rouse of that county indorsed the warrant, and authorized a special constable to execute it, under Section 35 of Criminal Code. On January 24, 1907, defendant entered into a recognizance before Magistrate Rouse in the sum of $5,000, conditioned that he should "personally appear before A. P. Crisp, magistrate in Oconee County, in the State aforesaid, to be holden at the usual place of judicature, in Oconee County, on February 4, 1907, then and there to answer to a preliminary hearing of charges to be preferred against him, the said Rudolph Rabens, and to do and receive what shall be enjoined by the Court." The law contemplates the exact procedure adopted by the magistrate, and

the exception alleging Magistrate Rouse to have been without authority to take the recognizance can not be sustained. Under the common law the magistrate issuing the warrant might so frame it as to require the person accused to be brought before him or any other magistrate of the same county. Pressley's Law of Magistrates, 498; 22 Enc. of Pl. & Pr., 1085.

In a case where the warrant is issued and the defendant can not be found in the county, the warrant can not be executed according to the terms, but must be sent to a magistrate in the county where the defendant is to be found, and indorsed by him with a new mandate for arrest. This indorsement is not indeed a new warrant, but it is such a modification of the warrant as issued as to make it proper for the defendant to be brought before the indorsing magistrate; and when before him, the magistrate may admit the accused to bail under Section 18 of the Criminal Code. The indorsing magistrate can not hold the preliminary examination, because Section 24, Criminal Code, imposes the duty on the magistrate who issues the warrant. A bail bond for the appearance at a preliminary examination is not invalid, for such a bond is good if it binds the defendant to appear before some court of competent jurisdiction and abide the judgment of the court. The recognizance in this instance bound the defendant to appear for the preliminary examination before the magistrate who was required by law to hold the examination and was, therefore, valid.

Rabens did not appear in person for the examination as required by the terms of the recognizance, but his counsel, Mr. Jaynes, did appear in his behalf. The solicitor exhibited to the magistrate an indictment found by the grand jury, charging the defendant with receiving stolen goods. Counsel for the defendant insisted on an examination of the State's witnesses and demanded the right to cross-examine them under Section 24, Criminal Code. The magistrate held

35—79

the defendant's failure to appear to be a waiver of the preliminary examination, and sent the case to the Court of General Sessions. The decision of the magistrate was clearly right. A preliminary examination must have one of three results, dependent on the decision of the magistrate: the discharge of the defendant; the taking of bail for his appearance to answer the indictment; or his imprisonment. It may be the magistrate in the absence of the defendant could adjudge his discharge, but to take bail from the defendant or commit him to jail, it was manifestly necessary for him to be present in person. The defendant could not demand that the magistrate go through the empty form of conducting an examination which could have no efficient result. By failing to appear in person, he had forfeited the recognizance (*State* v. *Minton,* 19 S.C., 280), and he waived his preliminary examination when by voluntary absence he made it impossible for the magistrate to enforce his judgment.

The case was called by Magistrate Crisp for preliminary hearing on 4th February, 1907, at 8 o'clock p. m. On the same day, at 5:30 o'clock p. m., in the Court of General Sessions for Oconee County, the grand jury had returned a true bill on an indictment charging the defendant with receiving stolen goods exceeding twenty dollars in value. On the next morning, 5th February, another indictment was given out on which the grand jury found a true bill charging the defendant with being accessory to the theft before and after the fact, and with receiving stolen goods. It was on the last count of the second indictment that the defendant was convicted. The motion to quash the indictment can not prevail on the ground that the grand jury could not find a true bill while the preliminary examination was pending. *State* v. *Bowman,* 43 S. C., 108, 20 S. E., 1010; *State* v. *Bullock,* 54 S. C., 313, 32 S. E., 424; *State* v. *Brown,* 62 S. C., 374, 40 S. E., 776.

Even if it be considered the case was not one of such emergency as to call for action of the solicitor or grand jury

pending proceedings before the magistrate, this could not avail, for the indictment on which the defendant was tried was not sent to the grand jury until after the defendant had, by failing to appear, waived the preliminary examination and the magistrate had thereupon sent the case to the Court of General Sessions.

Assuming the defendant did not intend to waive the examination, he well knew if the judgment of the magistrate should be against him the case would be sent to the Court of General Sessions for trial and it was his duty to be there to meet it.

Briefly restated, the defendant's status before the Court was this: He had been arrested on a charge triable only before the Court of General Sessions for Oconee County, had demanded a preliminary examination and had given bail for his appearance in person thereat, had failed to appear in person and thus made default and had thereby waived the preliminary examination; the magistrate had thereupon sent the cause to the trial court which was then in session, a true bill had been thereafter found and the case was before the court for trial. It seems clear that up to this point the defendant had no ground to say any of his legal rights had been violated.

We consider next, whether the Circuit Judge abused judicial discretion in refusing to grant a motion for continuance. On 28th January, 1907, Mr. Jaynes, one of defendant's counsel, wrote to the Solicitor, saying it would not be practical to prepare the case for the February term of court, and requested a consent to continuance. On the 30th January, the Solicitor replied declining to accede to the request. The following extract from the record shows the grounds of the motion to continue and the circumstances under which it was made: "The case was called for trial on the 5th day of February, 1907, at 3 p. m., on the bill of indictment aforesaid. On the call of the case, the defendant, through his attorneys, W. Turner Logan and R. T. Jaynes, made motion for a continuance,

on the ground that counsel had not been able to properly prepare the case for trial, the preliminary examination having been denied the defendant, and the bill of indictment having been found and the case called for trial on the same day. W. Turner Logan, Esquire, of Charleston, S. C., was the leading counsel for the defendant and was acquainted with the facts of the defendant's defense. Mr. Logan stated to the Court that he was under the impression that the case would not be called for trial until the summer term of the Sessions Court for Oconee County, and that the preliminary examination, for which the defendant had given recognizance, would be held; that he had arrived in Walhalla about 2:30 p. m., on the said 5th day of February, 1907, in response to a telegraphic request to be present. Upon the call of the case, Mr. Logan stated to the Court the above facts and that the counsel were utterly unprepared to go into trial of the case. Judge Gary overruled the motion for continuance, and Mr. Logan then requested that on account of his great fatigue, having been obliged to leave Charleston at 3:20 a. m. of said 5th day of February, 1907, and having traveled continuously ever since, until within an half hour of the call of the case for trial, that he was utterly worn out and asked for the indulgence of the Court until the following morning. Judge Gary refused this request and ordered the case to trial. The Court had been idle all the morning awaiting the arrival of Mr. Logan, also the following witnesses for the State, namely: John D. Gleason, Cornelius J. Murphy, Henry Blank and John E. Brennen, residents of the city of Charleston, South Carolina, who arrived in Walhalla on the same train that brought Mr. Logan, this being the only case remaining untried; but the Solicitor knew from a telegram that these witnesses were coming, and had other witnesses he expected to use until their arrival."

It is true, courts must always allow persons accused time to prepare for trial, for there could be hardly any greater injustice and oppression than to rush an accused person into his trial without opportunity to prepare to meet the accusa-

tion; but the defendant in this case had from the 24th January to the 5th February, and there was no showing that his witnesses were absent or that he himself had any reason whatever not to be present and ready, except an unauthorized assumption that the cause would not be tried at the ensuing term of the Court. Indeed, there was nothing before the Circuit Judge, and there is nothing in the record brought here to show the existence of a single witness in defendant's favor whom he desired to have present or any effort made to be present himself at the trial, even after the Solicitor had given express notice the case would be pressed. The record does not disclose grounds for holding there was an abuse of discretion in refusing to continue the cause. The refusal of the Circuit Judge to postpone the trial until the following day on account of the fatigue of Mr. Logan, was not unreasonable, the defendant having other able counsel, and the Court being without other work. *State* v. *Hunter, ante,* 84.

It is contended further, the Court had no jurisdiction to try defendant in his absence for a misdemeanor punishable only by imprisonment. Whatever may be the rule elsewhere, in this State a person accused of any misdemeanor may be tried in his absence. Rule 35 of the Circuit Court provides: "No person shall be tried on an indictment unless personally present, except for misdemeanors." *State* v. *Meyers,* 40 S. C., 555, 18 S. E., 892; *State* v. *Lucker,* 40 S. C., 550, 18 S. E., 797. This rule has been in unquestioned operation in this State for many years, appearing as No. 69 of the rules adopted in 1837.

John F. McCarthy, one of the persons from whom it was charged the defendant received the stolen money, testified fully as to the details of the theft and the defendant's connection with it. On the floor, near the wrecked safe from which the money was taken, were found two pieces of Octagon soap wrapper, a bottle of pickles, a pipe and a piece of fuse. It was proper to admit evidence of these articles and the places from which some of them

had been procured because it tended to corroborate the evidence of the witness, McCarthy, as to the details of the crime, and the deliberation with which it was planned and carried out.

There was no substantial ground for asking the exclusion of the testimony of Gregory, the postoffice inspector, as to his conversation with Rabens. The inspector testified Rabens denied receiving money from James Johnson, one of the men charged with the theft, but said he had received three hundred dollars from William Johnson in Baltimore to be paid to a lawyer, but knew nothing of the employment of a lawyer or a case in which he was retained, and paid it out to the lawyer when he called for it. This testimony was irrelevant because it was in no way connected with the charge under investigation, but it had no tendency to incriminate the defendant.

The error of the Circuit Judge in saying to the jury in his charge, it was for them to decide whether the defendant had been denied the constitutional guarantee of a speedy and public trial before an impartial jury can not avail the defendant. The Circuit Judge had already ruled the defendant had not been deprived of this guarantee, and it was in defendant's favor that in response to the complaint on this point made by counsel in argument, he allowed the jury to reopen and consider the correctness of his ruling.

We have endeavored to show the defendant's failure to attend the trial and have his defense ready was without legal excuse, and it was not error for the Circuit Judge so to charge the jury in speaking of the criticism made in the argument that counsel had not had oportunity to prepare the defense, and that the defendant was being unfairly tried in his absence.

Exception was further made to the charge in this language: "Because, it is respectfully submitted, his Honor erred in charging the jury as follows: 'The defendant saw proper to put up no evidence—his counsel saw proper not to offer any witnesses, and that is not your fault and it is not

mine. What might be made out of that is for the jury, though that can not be taken against the defendant;' the error being that his Honor thereby commented unfavorably upon the failure of the defendant to testify in his own behalf and upon his failure to offer any witnesses in his behalf." Under this instruction the jury might have understood they were at liberty to take into account any excuse urged by counsel in behalf of defendant for his lack of readiness with witnesses, but there can scarcely be a doubt they must have understood from the words, "though that can not be taken against the defendant," that the failure to offer testimony was not to be taken against the defendant in the decision of the issue of his guilt or innocence.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

April 8, 1908. Per Curiam. The Court has carefully considered the petition for rehearing and the argument submitted in support, and finds no point that was not fully considered in the decision of the cause. The petition is, therefore, dismissed and the order heretofore staying the remittitur is revoked.