June 28, 1916. The opinion of the Court was delivered by
This is an appeal from an order of his Honor, Judge Memminger, estreating the recognizance of the appellants. L.L. Vosburgh is the principal and W.P. Vaughn, the surety. Vosburgh was arrested on a warrant charging him with grand larceny, and was admitted to bail by the magistrate. The recognizance was in the usual form, and had in it the following:
"The condition of this recognizance is such that, if the said L.L. Vosburgh shall personally appear before the next succeeding term of the Court of General Sessions for Greenville county in the State aforesaid, to be holden at the usual place of judicature in Greenville, S.C. then and there answer to a bill of indictment to be preferred against L.L. Vosburgh, and to do and receive what shall be enjoined by the Court."
Some effort was made to settle the case, but the solicitor declined to enter a nol. pros., and there was some delay on the part of the magistrate in turning over the papers to the solicitor, and the solicitor never did hand out a bill of indictment. The defendant after entering into recognizance left the State and put himself beyond the jurisdiction of the Courts of the State. The solicitor applied for and obtained from the presiding Judge at the September term of Court, 1915, a rule to show cause at the next term Court why the recognizance of the defendant should not be estreated. The return to the rule claimed that as no bill of indictment had been returned against Vosburgh, the condition of the recognizance had not been broken. After argument Judge Memminger held that Vosburgh had not appeared at Court, and, although no indictment had been *Page 371 
returned, that the condition of the recognizance had been broken, and ordered the same estreated. From this judgment defendants appeal, and by their exceptions raise the same objections as urged before Judge Memminger. The defendant breached the conditions of his recognizance. It was his duty to have been present in person at the Court. He was under recognizance to attend. Instead of that, he not only was not present in the Court, but was absent beyond the limits of the State and beyond the jurisdiction of the Court. He is in no condition to ask or receive any indulgence at the hands of the Court until he submits to the jurisdiction of the Court. This question is settled against the contention of the appellants in case. State v. Minton,19 S.C. 280.
Judgment affirmed.