### 9829

### STATE v. CROSBY.

### (94 S. C. 488.)

INDICTMENT AND INFORMATION—NECESSITY OF PRELIMINARY HEARING.—
Where, at the time a warrant was sworn out charging defendant with selling whiskey, the Court of General Sessions was in session, and an indictment predicated on the warrant was returned before defendant was arrested and taken before the magistrate, there was no necessity for a preliminary hearing before the magistrate.

Before PRINCE, J., Anderson, Summer term, 1917. Affirmed.

West Crosby was convicted of an offense, and he appeals.

*Messrs. Leon L. Rice* and *S. M. Wolfe,* for appellant.

*Mr. Solicitor Smith,* for respondent.

November 21, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The facts are thus stated in the record:

"A warrant was sworn out on the 5th day of February, 1917, charging the defendant, West Crosby, with selling whiskey. The Court of General Sessions was then in session. A bill of indictment was predicated upon said warrant, and a true bill was returned by the grand jury on the following day, February 6th. On the 7th of February the defendant was arrested, and he was taken before the magistrate, where he immediately asked for preliminary hearing. This being refused him, he gave bail for appearance. The Solicitor called the case for trial the same day. Thereupon a motion was made by defendant's counsel to have the case committed to the magistrate for a preliminary hearing, and this motion was refused. The case was then continued until the next term of Court, at which time the defendant was tried and convicted."

He appealed to the Supreme Court on the following exception:

"Because his Honor, the presiding Judge, erred in denying the defendant's motion for a preliminary hearing, it being mandatory under the statute and his constitutional right, which he had not waived."

The finding of a true bill by the grand jury dispensed with the necessity of a preliminary hearing before the magistrate. It then became the duty of the magistrate to take such action as he would have taken, if after a hearing he had reached the

conclusion that there were sufficient grounds for the arrest of the defendant. These conclusions are fully sustained by the cases of *State v. Bowman,* 43 S. C. 108, 20 S. E. 1010; *State v. Bullock,* 54 S. C. 300, 32 S. E. 424; *State v. Brown,* 62 S. C. 374, 40 S. E. 776, and *State v. Rabens,* 79 S. C. 542, 60 S. E. 442, 1110.

Appeal dismissed.

MR. JUSTICE HYDRICK did not participate in the consideration of this case.