17383

The STATE, Respondent, v. R. M. WALKER, Appellant

(101 S. E. (2d) 826)

*W. Newton Pough, Esq.,* of Orangeburg, *for Appellant,*

*Messrs. Robert L. Kilgo, Solicitor,* of Darlington, and *F. Turner Clayton,* of Cheraw, *for Respondent,*

February 3, 1958.

STUKES, Chief Justice.

Appellant was arrested upon a warrant which charged him with statutory rape. He employed an experienced attorney who represented him at a preliminary hearing before the magistrate. Question arose as to the age of the prosecutrix. The attorney conferred over the telephone with the solicitor, representing the State, and it was agreed between the counsel that the charge would be reduced to bastardy and presented to the grand jury.

Upon subsequent indictment, and after continuances of the case upon the motion from term to term for a year, appellant, represented by another attorney, unsuccessfully demurred and moved to quash the indictment upon the grounds: (1) that no arrest warrant had been issued by a magistrate pursuant to Sec. 20-305 of the Code of 1952; and (2) the indictment did not specify the date or place of, quoting from the record, 'the offending act or intimate relationship." Ground (2) of the motion has been abandoned upon appeal by failure to argue it in the brief.

At the conclusion of the State's case, and again upon all of the evidence, appellant moved for direction of verdict of acquittal upon the ground of the alleged insufficiency of the evidence to convict. The motions were overruled, as was motion upon the same ground for new trial made after verdict of guilt was returned; and appellant was sentenced in accord with Sec. 20-308. He appeals.

The appeal has been presented by yet another attorney for appellant—his third successive counsel. The grounds which have been argued are: (1) the first which was urged upon the motion to quash the indictment,

ante; and (2) the claimed insufficiency of the evidence of guilt. Short shrift may properly be made of ground' (2). The nineteen-year-old unmarried prosecutrix testified to sexual relations with the appellant and that he is the father of her child. The only evidence for the defense which is in the record is the testimony of the physician who attended the prosecutrix in childbirth, and it did not create an issue with respect to the paternity of the child.

Turning to the remaining ground (1), the agreement above recited between appellant, by his then counsel, and the solicitor, which was made at the time of the preliminary hearing before the magistrate upon the warrant charging rape, constituted waiver by appellant of further proceeding before the magistrate, if that should be held to have been required in the absence of the agreement. But we do not so hold. It was subject to waiver because it was not requisite to the jurisdiction of the Court of General Sessions, as mistakenly contended by appellant.

The relevant statutes are Sections 20-305, 307 and 308 of the Code of 1952, which follow:

Sec. 20-305. "If any woman be delivered of a bastard child and shall, at any time after the birth thereof, give information to some magistrate of the county in which she resides or may be so delivered and declare, on oath, who is the father of her child such magistrate shall issue a warrant to apprehend and bring before him or some other magistrate the person so accused, who shall be obliged to enter into a recognizance or bond with two good and sufficient sureties in an amount to be fixed by the county judge, circuit judge or any other judge having concurrent jurisdiction with the circuit judge in trying persons charged with bastardy, conditioned for the payment of such sum or sums for the maintenance of such child as therein directed by the court."

Sec. 20-307. "Should any person accused evade or resist a warrant issued under § 20-305 the constable shall return it to the clerk of the court as other sessions papers with a spe-

cial note thereof, by way of return, on oath, whereupon a bill of indictment may be given out and, if found, a bench warrant may issue. And if the accused shall be arrested on any warrant issued and shall refuse to enter into such recognizance he shall be committed to prison, there to remain until he shall enter into such recognizance."

Sec. 20-308. "Should such person be unable to comply with the requirements of § 20-305 or should he deny that he is the father of the child, a jury shall be charged in the court of sessions to try the question whether the accused is or is not the father of such child. On his acquittal he shall be discharged. If convicted he shall be required to give the security or recognizance required by § 20-305 and, on default thereof, shall be liable to execution, as are defendants convicted of misdemeanors. But upon the payment of such sum or sums as the court may direct and as provided for in § 20-305 the execution, except as to costs, shall be stayed as provided for in the order of the court."

There is another statute, Sec. 15-1383, which applies in certain "Children's Courts", and is therefore inapplicable here. There was no reference to it in the trial of the case.

That bastardy is a crime and within the jurisdiction of the Court of General Sessions is established by the following decisions: In the leading case of *State v. Brewer*, 38 S. C. 263, 16 S. E. 1001, 19 L. R. A. 362, which was also an appeal from Chesterfield County, it was held that a charge of bastardy is a criminal offense, for which the accused is indicted and tried in the Court of General Sessions, just as in the case of other misdemeanors, and the requiring of a support bond conditioned for payment of the maintenance of the child is a penalty imposed by statute for a violation of the law. In *State v. Edens*, 88 S. C. 302, 70 S. E. 609, 610, the defendant was arrested upon a warrant issued by a magistrate who bound him over to appear before the Court of General Sessions and answer an indictment upon the charge. The following is from the opinion: "Bastardy is a criminal offense. * * * Magistrates have jurisdiction to issue war-

rants for the arrest of all persons charged with any criminal offense committed within their counties, and to commit or bind over for trial those who appear to be guilty of such offenses as are not within their jurisdiction to try. Cr. Code, 1902, §§ 19, 28. It follows that the magistrate had jurisdiction to issue the warrant for the arrest of the defendant, and, if he had entered into recognizance for the maintenance of the child as provided by section 494 of the Criminal Code of 1902, to discharge him; but upon his denial of the paternity of the child, or upon his failure to give such recognizance if it appeared after investigation that he was probably guilty of the offense, it was the duty of the magistrate to commit him or to bind him over for trial." *State v. Glenn,* 14 S. C. 118, although old and under a former constitution is helpful here. It was an appeal from conviction upon an indictment for bastardy. The opinion recites that the defendant was arrested under a warrant issued by a trial justice, and traversed the charge. Thereupon, quoting from the opinion, "the case was transmitted to the General Sessions, and an indictment therefor found, and conviction had under such indictment, and sentence pronounced by the court * * *." It was held that the provisions of the statute, similar to the present Section 20-305, restrained the functions of a trial justice (now magistrate) to the performance of mere ministerial acts, namely, issuing the warrant and when the defendant admits his guilt, to taking the security provided by law; and further, quoting from the opinion: 'By original jurisdiction we must understand the power to hear and determine the cases brought within it, and incidentally to decide all questions of law and fact involved in such cases. No such power appears to have been conferred upon trial justices." It was concluded that the Court of General Sessions can take jurisdiction in cases of bastardy.

The next proposition which is pertinent to the question is that a grand jury may indict for any crime certainly any which is not within the exclusive jurisdiction of a magistrate or other inferior court, whether or

not there has been a prior proceeding before a magistrate and an arrest warrant issued pursuant to Sec. 43-111 of the Code. *State v. Bowman,* 43 S. C. 108, 20 S. E. 1010. *State v. Bullock,* 54 S. C. 300, 32 S. E. 424. *State v. Brown,* 62 S. C. 374, 40 S. E. 776. We quote the respective syllabi of these decisions: *State v. Bowman:* "The State's solicitor may present a bill of indictment to the grand jury without previous affidavit and warrant, and a true bill being found, bench warrant issued, and defendant arrested, he is not entitled to his discharge under *habeas corpus,* the exercise of this power on the part of the solicitor not having been abused." *State v. Bullock:* "Solicitor may hand out an indictment without previous arrest of defendant on warrant issued by magistrate, supported by affidavit." And *State v. Brown:* "The Act, 22 Stat. 698, requiring magistrates to hold preliminary examinations in cases beyond their jurisdiction does not oust the grand jury of its constitutional right to present by indictment a party for violating the dispensary law."

It follows from the foregoing considerations that the procedure before a magistrate which is authorized by the above code sections, concerning one charged with bastardy, is not exclusive. The grand jury may indict as for other crimes and without the procedure before a magistrate.

*Town of Honea Path v. Wright,* 194 S. C. 461, 9 S. E. (2d) 924, relied upon by appellant, is not in point. It involved a trial and conviction in a municipal court without the issuance of a warrant. Here appellant was tried upon an indictment by the grand jury. The statutes and decisions which governed Wright's case are of no relevancy here.

The appeal is found to be without merit and the judgment is affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.