## 19678

The STATE, Respondent, v. Lee Roy YOUNG, Appellant.

(198 S. E. (2d) 531)

*J. Wiley Brown, Esq.,* of Greenville, *for Appellant,* cites:

*C. Victor Pyle, Esq., County Solictor, for Respondent,* cites:

August 15, 1973.

BUSSEY, Justice:

The appellant was indicted and convicted for abandoning and failing to support his two illegitimate daughters, one aged 16 and one 15 years of age, in violation of Sec. 20-303 of the 1962 Code of Laws as amended. Prior to trial, the appellant moved to quash the indictment on the ground or contention that the children being more than three years old, the prosecution was barred by Code Sec. 15-1383, which reads as follows:

"Bastardy proceedings.—Warrants in bastardy shall be issued on a voluntary complaint by the mother or by the governing body of the county that the child is likely to become a county ward. When the issue of paternity is tried and found against the defendant he shall be fined not more than ten dollars, pay the woman two hundred dollars, give bond that the child shall not become a public charge and stand charged with the maintenance of the child as the court may order. The action must be brought within three years after the birth of the child."

The quoted section is found in Volume 4, Chapter 13, entitled Children's Courts and had it origin in a 1923 Act of the General Assembly establishing Children's Courts in South Carolina. 33 Stats. at Large 207.

The offense of which appellant stands convicted is a crime punishable by as much as one year in prison and, of course, is beyond the jurisdiction of any Children's Court. In *State v. Walker,* 232 S. C. 290, 101 S. E. (2d) 826, the defend-

ant-appellant was convicted in General Sessions Court of bastardy under penal provisions of the Code, which have since been repealed. In discussing the various applicable statutes, the Court pointed out that,

"There is another statute, Sec. 15-1383, which applies in certain 'Children's Courts', and is therefore inapplicable here."

We think it obvious that the said Code Section was never intended to be applicable anywhere save in Children's Courts and that it had no more application in this criminal proceeding than it had in the *Walker* case. We deem the appeal without merit and the judgment below is

Affirmed.

Moss C. J. and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.