STATE v. OWENS.

1. HOMICIDE—CHARGING JURY.—There was no error on the part of the trial judge in instructing the jury in a murder case that they might write the one word "guilty," if they found the defendant guilty of murder, and in not instructing them that their recommendation of the prisoner to mercy would, under the statute law, reduce the punishment from death to imprisonment at hard labor for life, where no more specific instructions were requested, and the prisoner's counsel expressed themselves as satisfied with the charge as made. .

Before ALDRICH, J., Laurens, February, 1895.

Indictment against Wash Owens for murder, alleged to have been committed on November 3, 1893.

*Messrs. N. B. Dial* and *Johnson & Richey,* for appellant.

*Mr. Schumpert,* solicitor, contra.

June 22, 1895. The opinion of the court was delivered by

MR. JUSTICE POPE. The appellant was convicted of murder at the February term, 1895, of the Court of General Ses-

sions for Laurens County, in this State, and after judgment of death had been duly passed, he appealed to this court upon two grounds: ''First. Because his honor erred in charging the jury, 'You will write your verdict, Mr. Foreman, if you should find the defendant guilty of murder, just the one word, guilty; if guilty of manslaughter, guilty of manslaughter.' Second. Because his honor erred, after he determined to go on and charge the jury fully, in not charging the jury the law as to the punishment for murder, viz: that the jury may find a special verdict recommending the prisoner to the mercy of the court, whereupon the punishment shall be reduced to imprisonment in the penetentiary with hard labor during the whole lifetime of the prisoner.''

From the record we learn that, just before beginning his charge to the jury, the Circuit Judge was assured by prisoner's counsel that it was only necessary in his charge to set forth the crime of murder, and at the conclusion of his charge prisoner's counsel assured him that his charge was satisfactory, except that such counsel desired the Circuit Judge to more fully explain what is meant in the law by a reasonable doubt. This was done by the Circuit Judge. It seems to us that the first ground must be dismissed, under the ruling of this court in the recent case of *State* v. *Faile,* 43 S. C., 52. The second ground is ruled by the case of *State* v. *Dodson,* 16 S. C., 463, and must be dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Circuit Court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed. Let the remittitur herein be sent down forthwith.