## STATE v. SMITH.

CHARGE.—INDICTMENT.—Where two or more offenses arising out of the same facts are charged in two or more counts in an indictment, it is not reversible error to fail to instruct the jury that they may convict under one count and acquit under another, or that they must pass on the counts separately in absence of requests to that effect. MR. JUSTICE POPE *dissents.*

Before GARY, J., Spartanburg, July term, 1899. Affirmed.

Indictment against George Smith for robbery and assault and battery. Two cases. From verdict and sentence, defendant appeals.

*Messrs. Duncan & Sanders* and *C. P. Sims,* for appellant. The former cites: *As to the point decided:* 14 Rich., 172; 15 S. C., 435; 54 S. C., 181.

*Mr. Solicitor Sease,* contra.

April 20, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant, George Smith, was indicted for "robbery" and "assault with intent to kill," in that on the 8th day of March, 1899, he did, by and with a shotgun, put R. L. Johnson in bodily fear so that the defendant robbed said R. L. Johnson of the sum of $2.20, lawful money, &c. And also, *at the same time and place,* the said defendant did make an assault with intent to kill with a certain shotgun upon the said R. L. Johnson. The indictment contained two counts—one for robbery and the other for assault with intent to kill. There was also a second indictment against said George Smith, which alleged a "robbery" of and "assault with intent to kill" upon one Eber Johnson, on the 8th day of March, 1899. This indictment also had two counts—one for "robbery" and the second for "assault with intent to kill." Inasmuch as both offenses occurred at the same time and in the same manner, the defendant, by his consent, was tried for each offense at the same time. He was convicted by the jury of each offense. The verdict was a general verdict of "guilty." After sentence he has appealed to this Court.

The most serious, if not the only serious, question which is presented for our consideration is embodied in the 16th and 17th exceptions, to wit: "16. Because his Honor erred

in not instructing the jury that they could convict under one count and acquit under the other. 17. Because his Honor erred in not at least instructing the jury to pass upon each count separately."

We should bear in mind that the precise question to be here considered is as to what rule has been established in this State for the guidance of a Circuit Judge in his charge to the jury, where there are two or more distinct offenses set out in two or more counts in the same indictment affecting the same defendant. The object of an indictment is to lay before the accused the offense or offenses with which he stands charged, and in the second place, to lay before the Court and jury exactly what issues are raised by the State against the defendant, who is on trial before them. The latter is necessary, so that the verdict of the jury may be just and intelligible; the verdict must always so respond to the issues on trial, that it may at once appear of what offense the jury intended to find the accused guilty. When there are two offenses growing out of the same transaction charged against the defendant in two separate counts of an indictment, the jury should be instructed plainly what the effect of a general verdict of guilty will mean; or, in other words, in such case it is the duty of the Circuit Judge to explain the character of each offense set up in the counts of the indictment, together with the effect of a general verdict of guilty. This Court has repeatedly expressed itself on this point, and in no case is this more clearly put than in that of *The State* v. *Scott,* 15 S. C., 434, where the Court declares: "But where the several felonies charged grow out of the same transaction, the jury should be distinctly instructed as to the effect of a general verdict of guilty, which is understood to find the highest offense charged, if there is testimony to support it, in order that they may shape their verdict so as to conform to their real convictions by finding upon each count separately." The same doctrine is enforced in *State* v. *Woodard,* 38 S. C., 353, where this Court thus declares the law: "The effect of a union in the same indictment of several counts for distinct offenses is dif-

ferent where such offenses grow out of the same transaction, and when such offenses have no connection the one with the other.    In the first class, our Courts have held that it was the duty of the Judge on Circuit to instruct the jury as to the effect of a general verdict of guilty, which is understood to carry the highest offense alleged, &c."    These views are sustained by *State* v. *Nelson,* 14 Rich., 172; *State* v. *Scott, supra; State* v. *Woodard, supra; State* v. *Johnson,* 45 S. C., 453.    If, then, it was the duty of the Circuit Judge in his charge to the jury to have pointed out the difference between the two offenses as set out in the first and second counts of each indictment and the effect of a general verdict of guilty, and, through inadvertence, he failed to do so, it constitutes reversible error.

Having reached this conclusion, it is unnecessary to refer to the remaining exceptions, as there must be a new trial.    I think, therefore, our judgment should be: "It is the judgment of this Court that the judgment of the Circuit Court be reversed in each of the two cases herein considered, and that the two prosecutions be remanded to the Circuit Court for a new trial in each."    But the majority think otherwise.

MESSRS. JUSTICES GARY *and* JONES *dissent, and concur in dissenting opinion of Chief Justice.*

MR. CHIEF JUSTICE McIVER *dissenting.*    I dissent upon the ground that there was no request that the jury should be instructed, as it is claimed they should have been in exceptions 16 and 17; and hence the omission to so instruct the jury cannot properly be regarded as reversible error.    Besides, it seems to me that, under the particular circumstances of this case, the error imputed was, at most, harmless error; for the two offenses charged not only occurred at the same time, but also grew out of the *same act.*    The assault with intent to kill constituted an essential part of the robbery charged, as that was the only means alleged or proved by which the parties robbed were put in fear, and the only thing of value taken from them was the money; as the undisputed

testimony was that the prosecutors had no interest in the still, and hence it cannot be supposed that the jury convicted defendant under the charge of robbery because of the taking of the cap and worm of this still.

I do not know that it is necessary for me to consider in detail the other exceptions, not passed upon in the opinion of Mr. Justice Pope; but I may say that I have considered them, and do not think that any of them can be sustained.    I think, therefore, that the judgment of the Circuit Court should be affirmed, and this being the conclusion reached by the majority of this Court:

The judgment of the Circuit Court is affirmed.