## STATE v. CHILES.

1. CHARGE.—Portion of charge complained of is not a comment on facts of the case, but declaration of how far the law permits a husband to go in punishing a man committing adultery with his wife, and the legal effect, not intended, of an unlawful act.

2. IBID.—APPEAL.—It is not reversible error for Judge in absence of request to fail to charge the law applicable to a particular view of the testimony.

Before GARY, J., Abbeville, September term, 1899. Affirmed.

Indictment against Judge Chiles for assault and battery of

a high and aggravated nature.    From verdict and sentence, defendant appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: 49 S. C., 480; 47 S. C., 488; 28 S. C., 572.

*Assistant Attorney General U. X. Gunter,* contra.

June 25, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE.    The defendant, Judge Chiles, was tried in September, 1899, for an assault and battery with intent to kill, committed upon his wife, Adeline Chiles.    He was convicted by the jury of an assault and battery of a high and aggravated nature, but recommended to the mercy of the Court.    After sentence he appealed to this Court.

The grounds of appeal are as follows: "1. Because his Honor erred in charging the jury as follows: 'If he went there hunting for Maurice Boyd, even though he found him in sexual embrace with his wife, he would not have had the right to shoot him;' said charge not being in conformity to the facts of the case, the defendant having testified that he went to the house for the purpose of seeing his sick child, and there being no evidence showing that he went there looking for Maurice Boyd, and said charge being a comment upon the facts of the case, the Judge by said charge having intimated to the jury that he thought the defendant went to the house hunting for Boyd, when said charge should have left all the facts for the jury to determine.    2d.  Because his Honor erred in charging the jury as follows, viz: 'There is a case in the books in this State where a party was riding along the highway down in Darlington or Marion, from a public speaking, and two parties were riding along and one of them shot his pistol off to scare his horse, and a little negro was sitting off on the fence and was killed by the shot; the party who fired the shot was tried for murder and found guilty and he was hung, because he had no right to shoot his pistol on the public highway to scare his horse.    He and the

other man were quarreling and he shot off his pistol to scare the horse;' said charge not being responsive to the facts of the case on trial, being calculated to inflame the minds of the jury against the defendant, and being equivalent to telling the jury that if the party in that case was guilty, how much more so in this one.    3d.  Because his Honor erred in failing to charge the jury on the law of self-defense, the defendant having testified that he had not shot at the said Maurice Boyd until Boyd had fired his pistol at the defendant."

We cannot sustain the first exception, for the simple reason that the defendant admitted under oath that on the night he shot his wife, he went to the house of his wife's sister to see his little girl, who was there sick, and also said: "And I went there * * * and *I intended to shoot him (Maurice) if I caught him there.*"  The Judge in his charge was declaring the law, so that the jury might see how far, in its mercy, a husband could go in safety in dealing out punishment to that man who destroyed his family's peace: The judge thus declared that the law held a husband guilty of manslaughter who killed the man while holding his wife in his guilty embrace; but that the law would not hold a husband guiltless who went in search of the man (Maurice) to kill him, believing he was guilty of criminal intimacy with his wife.  The Judge was correct in his statement of the law, and this exception is overruled.

So, too, we find that the second exception must be overruled.   Certainly no better illustration of the law can be given than when it is taken from a case decided in our own State Courts—both Circuit and Supreme.  The Judge intended to give the jury an object lesson of criminal conduct flowing from an illegal act whose ultimate result was not intended.

The third exception must be overruled.   No request was made by the defendant for the Judge to declare the principles of law governing self-defense.  The recent case of *State* v. *George Smith,* 57 S. C., 489, concurred in by a majority of this Court, is authority for the doctrine

4—58

that if a party wishes a specific charge as to the law he must ask for it. While I thought such doctrine was error in the case cited, because the law required in such a case that specific directions should be given by the Circuit Judge in his charge to the jury without any request therefor, yet in cases like the present, it may be that the failure of the Circuit Judge to declare the law is not reversible error. This Court has so held in the Smith case. I bow to the inevitable, and declare it now sound law. The exception is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.