### EQUITABLE SECURITIES COMPANY *v.* GREEN *et al.*

1. The record discloses that there was sufficient proof of the execution and loss of the deed, the contents of which it was sought to show by parol evidence, to authorize the admission of such evidence.

2. Before the testimony of an attorney at law can be excluded on the ground that such testimony would divulge privileged communications of his client, it must be shown that the relation of attorney and client existed. This was not shown in the present case.

3. Where A conveys land to B, and B conveys it to C as security for a debt, and a judgment is obtained by C and levied upon the land as the property of B, and A files a claim thereto, in the trial of a suit in ejectment between C and D, to whom A had conveyed the same land, the claim affidavit of A is not admissible as evidence in favor of D against C. This evidence does not appear to have been offered for the purpose of impeaching any testimony of A.

4. Where a husband conveys land to his wife and she borrows money and makes a deed to the land to secure the payment of the loan, the husband's knowledge that she claimed the land is not admissible in favor of such grantee of the wife, as against one to whom the husband subsequently conveyed the land.

5. Evidence as to whether the husband after the conveyance to his wife held the land in his own right or in the right of his wife was not admissible as against his second grantee.

6. Where in the second deed made by the husband he recited that the lands conveyed were " free from all liens except those controlled by " a named person, it was admissible to show that this person had in his hands a judgment lien against the wife at the time of the conveyance. If this person, who was the attorney of the second grantee, controlled the lien against the wife, this would be a circumstance which should go to the jury in order to show that the second grantee and his counsel had notice of the prior conveyance to the wife.

7. A letter written by the attorney of the plaintiff to such plaintiff, explaining the delay in collecting the claim against the wife, was not admissible to show notice of this matter to the defendant, although the writer of the letter was at that time the attorney of the present defendant as well as of the present plaintiff.

8. One who purchases land of the defendant in an ejectment suit while such suit is pending takes subject to whatever judgment may be rendered in the case. The pendency of the suit is notice to the world; and where such purchaser is made a party to the suit, it is immaterial whether he had actual notice or not, and the deed to him from the defendant is irrelevant and inadmissible in evidence.

Argued June 15, — Decided July 20, 1901.

Ejectment. Before Judge Felton. Crawford superior court. October 16, 1900.

The action was begun on September 23, 1898. The plaintiff is the successor of the Equitable Mortgage Company. A deed of the land sued for was made by Mrs. Carrie I. Ray, on April 3, 1889,

to secure a loan made to her by that company.   On February 16, 1897, her husband, B. H. Ray, made a deed of the same land to John M. Green, who, on December 11, 1899, made a deed of the same land to the other defendants.   A verdict in their favor was directed.   To this and the other rulings to be mentioned the plaintiff excepted.

1. The plaintiff contended that, shortly before the deed of Mrs. Ray was made, B. H. Ray conveyed the land to her by a deed which was never recorded and was subsequently lost, and which was witnessed by R. D. Smith and J. L. Watson.   To a subpœna duces tecum the Rays responded that they were unable to produce this deed; and the plaintiff offered the testimony of the Rays, of R. D. Smith and his wife and son, of J. H. Persons and J. E. Hall, of the subscribing witnesses, and of the general agent of the plaintiff, to lay the foundation for introducing parol evidence of the contents of this deed.   This testimony tended to prove that the deed was executed and delivered, was then taken by B. H. Ray and held by him for his wife, and was turned over by him, several years later, to R. D. Smith, through whose papers thorough and repeated searches had been made by him and the other witnesses, recently before the trial, without finding the deed.   He had lost other valuable papers in the same manner, during the same time.   The loan to Mrs. Ray was procured through him as her agent.   He never delivered the deed in question to the Equitable Mortgage Company or to any one representing it; and he did not think he turned it over to any one.   The deed is not in the possession or control of the plaintiff.   The witnesses knew of no other place to search than those where they had searched for the deed.   The court ruled that the showing was not sufficient, and excluded the testimony offered to show the execution of the deed and its contents.

2. Payne & Tye were attorneys at law of the Equitable Mortgage Company.   They became attorneys at law and in fact of John M. Green in the matter of obtaining from B. H. Ray a conveyance of lands in Crawford county, in part settlement of indebtedness already existing from Ray to Green.   C. E. Hawker, an attorney at law, was in the employment of Payne & Tye in the capacity of an abstractor of titles.   He testified that he investigated the title of the land in dispute, at the instance of Green, and reported to him the result of the investigation.   Hawker further testified, that among

the facts so reported to Green was the fact, ascertained by him outside of the records, that Ray had executed to his wife a deed to the land, which was not recorded, but had been delivered to Smith as her agent and attorney; that witness was never Green's attorney, nor was he treated by Green as such; that no communications between him and Green were confidential or privileged; that he was prompted to make the investigation outside of the records, on account of the Equitable Mortgage Company's interests, which claimed most of his time and attention, and to see equal fairness between it and Green; that he informed Green of the claim of the Equitable Mortgage Company to the land; that he delivered to Green a written abstract of the title, so far as shown by the record, and without certifying as to the title, and reported to him orally as to the matters ascertained outside of the record; and that Green instructed him to prepare a deed covering all the property (there being a number of parcels, encumbered by liens), saying he would hold such as he could, paying off liens where there was a margin of value, etc. The court excluded all of the testimony of this witness which related to communications between him and Green, on the ground that these were confidential and privileged.

3. The defendants offered in evidence a claim affidavit made by B. H. Ray in February, 1897, interposed to the levy of an execution in favor of the Georgia Loan and Trust Company against Mrs. Ray, which execution had been assigned to the plaintiff in this case on February 6, 1895, and was held and owned by plaintiff at the date of the claim affidavit. The plaintiff objected that this affidavit was irrelevant and incompetent as against the plaintiff. The court overruled the objection; and also refused to allow B. H. Ray to testify as to the circumstances under which the affidavit was made, and his reasons for making it.

4. The plaintiff proved by B. H. Ray that, when the money was loaned to his wife, he knew the contents of the application for the loan, that she was claiming to own the land, and that the lender acted on said statements. The court ruled this out.

5. The plaintiff's counsel offered to prove by B. H. Ray that he claimed and exercised possession of the land sued for, in behalf and for the benefit of his wife, after his deed to her; contending that this was relevant on the issue whether Green had shown title in his grantor by prior possession, and whether the plaintiff had not shown

prima facie title in Mrs. Ray, based on her prior possession.    The offered testimony was rejected.

6. The deed from B. H. Ray to Green contained this recital: " This deed is intended to convey, and does convey, all lands owned by me in Crawford county, Georgia, and the lands herein conveyed are free from all liens except those controlled by John M. Green and Payne & Tye."    The plaintiff offered to show by Ray that this recital was intended to except from the operation of the deed the lien held and owned by the plaintiff and in the hands of Payne & Tye, and that said language referred to this as well as to other liens in the hands of Payne & Tye at that time.    This was excluded, on objection that the language of the deed was not ambiguous, and that it was not competent for the witness to explain the same.

7. The plaintiff offered in evidence a letter from Payne & Tye to the plaintiff, dated March 2, 1896, acknowledging receipt of a letter from the plaintiff in regard to the Carrie I. Ray loan, and stating that a levy had been made, under the fi. fa. in favor of the Georgia Loan and Trust Co., on all the land embraced in the plaintiff's security deed, to which levy an affidavit of illegality had been interposed, which would be for trial at the March term of Crawford superior court, etc.    This was excluded as irrelevant; the plaintiff contending that it went to show notice to Payne & Tye of the facts constituting the plaintiff's title, and therefore notice to Green, they being his agents.

8. The deed of Green to the other defendants, dated December 11, 1899, conveying the land in dispute, was objected to as irrelevant ; but the objection was overruled.

*Hall & Wimberly*, for plaintiff.
*A. H. Cox, M. G. Bayne*, and *Guerry & Hall*, for defendants.

SIMMONS, C. J.    At the very beginning of the trial of this case an error was committed which necessarily affected the rest of the proceedings.    Of the numerous questions made in the record, the headnotes deal with all which are likely to arise upon another trial. Complaint was also made of a number of minor rulings which are not referred to in the headnotes and which are not now decided. For the errors which were committed a new trial must be ordered.
*Judgment reversed.    All the Justices concurring.*