11033

WHITE *ET AL.* v. C. & W. C. RY. CO.

(114 S. E. 324)

APPEAL AND ERROR—WHERE ERROR IN EXERCISING DISCRETION OR ABUSE OF DISCRETION NOT CLAIMED, AND EVIDENCE CONFLICTING, GRANT OF NEW TRIAL NOT DISTURBED.—Where an action at law, the exceptions to an order granting a new trial for after-discovered evidence do not claim that there was an erroneous exercise of discretion or an abuse of discretion, the Supreme Court will not reverse unless there is a clear showing of abuse of discretion, or unless the discretion was based on an error of law, and not where there was a conflict of evidence and a question of fact.

Before SEASE, J., McCormick.   October, 1921.   Affirmed.

Action by C. P. and A. P. White against Charleston & Western Carolina Railway Co.

Action by C. P. White and another against the Charleston & Western Carolina Railway Company, for damages for the destruction of posts by fire.   From an order granting a new trial for after-discovered evidence, plaintiffs appeal. Affirmed.

The after-discovered evidence related to statements by one of the plaintiffs that he did not have as many posts destroyed as he testified on the trial, and that he would have been well pleased with $50 for his damages.   Plaintiffs presented an opposing affidavit tending to show that the first of such statements was made as a joke, and that the other was not as claimed.

15—S. C.—121

The grounds of appeal were as follows:

First.  Because it is respectfully submitted that his Honor erred in granting defendant's motion for a new trial, for the reasons:

A.  Because the facts alleged in the affidavits submitted on motion for a new trial were absolutely denied by the plaintiff, A. P. White, in his counter affidavit.

B.  That, granting the statements so alleged in said affidavits submitted by the defendants were true, there was sufficient testimony to go to the jury as to the number of posts destroyed.

C.  The affidavits submitted by the defendant on motion for a new trial set out that the testimony rendered by one of the plaintiffs was misleading; granting this was true, there was other testimony sufficient for the jury to base its verdict upon.

Second.  Because his Honor erred in granting a new trial when there was testimony aside from that offered by the plaintiff, A. P. White, for the jury to base its verdict upon.

Third.  Because his Honor erred in holding that the statements contained in affidavits offered by defendant in motion for new trial are competent evidence and was such evidence as would have changed the results of the trial if it could have been presented to the jury.

*Mr. W. K. Charles,* for appellant, cites: *New trial on after-discovered evidence:* 20 Cyc., 905; 73 S. C., 43; 76 Ga., 602; 10 S. E., 737; 21 S. E., 893; 13 S. E., 637; 14 S. E., 22; 7 S. E., 142; 7 S. E., 352; 90 S. E., 1039; 92 S. E., 112; 96 S. E., 1016; 29 Cyc., 906. *Where it merely contradicts or impeaches a witness:* 19 Pa. Rep., 161; 39 N. W., 139; 17 Pac., 542; 91 S. E., 254; 92 S. E., 112; L. R. A., 1917F, 1043; 96 S. E., 322; 91 S. E., 254; 94 S. E., 310; 99 S. E., 234; 92 S. E., 112; 94 S. E., 811; 39 S. E., 472; 39 S. E., 478; 77 S. E., 77; 21 S. E., 893; 34 S. E., 165; 83

S. E., 747. *Where it is of such a nature as will not prob-ably change the result:* 70 S. C., 211; 73 S. C., 43; 75 S. C., 150; 19 S. E., 247; 76 S. C., 469; 109 S. C., 294; 96 S. E., 1016; 95 S. C., 471; 14 S. C., 432. *Where there is evidence to support verdict, and no error of law:* 70 S. C., 211; 19 S. E., 247. *Weight is for jury and not for Court on motion for new trial:* 75 S. C., 150; 72 S. C., 43; 72 S. C., 244; 73 S. C., 48; 73 S. C., 102; 74 S. C., 8; 70 S. C., 211.

*Messrs. F. B. Grier* and *Ross & Owens,* for respondent, cite: *New trial on after-discovered evidence:* 33 S. C., 403; 89 S. C., 52. *Must show abuse of discretion in grant-ing new trial:* 41 S. C., 549; 87 S. C., 152; 14 S. C., 432; 15 S. C., 547; 33 S. C., 404; 41 S. C., 549; 51 S. C., 405; 95 S. C., 471. *Question for Judge:* 89 S. C., 41; Ann. Cas., 1912D, 1298. *Facts not reviewable:* 16 S. C., 124; 38 S. C., 225; 89 S. C., 41. *Admissions by party admissible:* 16 Cyc., 942; 79 S. C., 383; 101 S. C., 378. *Things happen-ing after trial:* 20 R. C. L., Sec. 20; 153 Iowa, 511; 3 S. E., 243; 139 Wis., 448; 18 S. E., 1017.

October 12, 1922.

The opinion of the Court was delivered by Mr. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Sease granting a new trial on the ground of after-discov-ered evidence.

The exceptions, three in number, nowhere impute error on the part of his Honor in exercising his discretion erro-neously or abusing it in granting the motion for a new trial. That being the case, this Court will not reverse the Circuit Court unless there is a clear showing of abuse of discretion on the part of the Circuit Court, or unless this discretion on the part of the Circuit Court was based on an error of law. The decisions to sustain this position

are so numerous as to render citation of authorities unnecessary.

In the instant case there was a conflict of evidence, and a question of fact before his Honor; it was a law case, and, no exception being taken alleging or showing abuse of discretion on the part of his Honor, this Court will not review his findings. Judge Sease not only heard the motion, but had presided at the trial, saw and heard the witnesses, and was especally competent to judge the probable effect on a jury.

We see no error as complained of. Exceptions are overruled, and judgment affirmed.