## 11837

### WHITE *ET AL.* v. CHARLESTON & W. C. RY. CO.

#### (129 S. E., 457)

Trial—Want of Specific Instruction as to Measure of Damages for Burning of Posts Held not Ground for New Trial.—In action against railroad for damages for burning of cedar posts along or near right of way, failure of Court to specifically instruct that measure of damages was difference in value immediately before and after alleged burning *held* not ground for new trial, in view of defendant's failure to request such instruction and fact that jury were instructed that no punitive damages could be allowed.

Before C. J. Ramage, Special Judge, McCormick, October, 1923.    Affirmed.

Action by C. P. White and another against the Charleston & Western Carolina Railway Company.    Judgment for plaintiffs, and defendant appeals.

*Messrs. F. B. Grier* and *Ross & Owens,* for appellant, cite: *Court must charge generally without request:* Const. of 1895, Art. 5, Sec. 26; 47 S. C., 488; 25 S. E., 797; 109 S. C., 245; 95 S. E., 510; 112 S. E., 78; 20 R. C. L., 270; 1 Randall's Instructions to Juries, Sec. 471; 13 Cyc., 236; 183 N. C., 384; 111 S. E., 707; 26 Ga. App., 782; 107 S. E., 355.

*Messrs. W. K. Charles* and *J. Wm. Thurmond,* for respondents, cite: *Court need only charge generally unless requested:* 123 S. C., 154; 122 S. C., 220; 109 S. C., 245; 106 S. C., 272; 91 S. E., 302; 100 S. C., 359; 84 S. E., 64; 10 S. C., 104; 74 S. E., 825; 91 S. C., 204; 74 S. E., 473; 95 S. C., 441; 78 S. E., 995; 87 S. C., 352; 70 S. E., 306; 77 S. C., 309; 58 S. E., 9; 76 S. C., 207; 56 S. E., 959; 70 S. C., 427; 50 S. E., 11. *Failure to charge harmless unless it affects result:* 97 S. C., 85; 81 S. E., 428.

September 24, 1925.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The following statement appears in the record:

"This is an action commenced in July, 1921, for damages in the sum of $500 for the alleged burning by the defendant, on March 15, 1921, of certain cedar posts belonging to the plaintiffs placed along or near the defendant's right of way at Plum Branch, S. C.   The complaint sets forth two causes of action:   The first under the common law for negligently setting fire to the property, and, secondly, under the statute, for a communicated fire.   The answer set up a general denial and a further defense that the property was on the defendant's right of way without its consent.

"The case has been twice tired.   The first trial, before Hon. T. S. Sease, Circuit Judge, and a jury, on October 14, 1921, resulted in a verdict for the plaintiff of $150.   Thereafter on November 7, 1921, on the basis of certain statements and admissions made after the trial by one of the plaintiffs, the defendant served notice of a motion for a new trial on after-discovered evidence.   This motion was heard and granted by Hon. T. S. Sease, at the February term, 1922.   From the order granting a new trial, the plaintiff appealed to this Court, and the order granting the new trial was sustained.   121 S. C., 215; 114 S. E., 324.

"The case was tried again at the October term, 1923, before Hon. C. J. Ramage, Special Judge, and a jury, and resulted in a verdict for the plaintiff of $364.20.   A motion was made upon the minutes of the Court for a new trial on several grounds, only one of which is important to this appeal, to wit:   (1) That the Court erred in totally failing to instruct the jury as to the measure of damages.

"This appeal is taken from an order of his Honor, C. J. Ramage, Special Judge, refusing to grant a new trial.   The testimony taken at the first trial was by agreement admitted in evidence at the second trial.

### "ORDER REFUSING NEW TRIAL

"As to the second ground: 'The testimony showed clearly the value of the posts before destroyed or charred and

their value after they were charred; and therefore, the difference in the value before and after was clear and definite as could be made, and no objection was made to the manner of proving damages to them.   There is no reason why the jury should have been misled on the measure of damage; besides, the Court charged the jury distinctly that no punitive damages could be given but only actual damages; and the jury, being composed of twelve men of fair intelligence, certainly understood that the damage for a post charred and not destroyed was the difference in value before and after charring.   While the Court did not charge the jury in those exact words, the charge meant the same, and the testimony pointed out conclusively the actual damages to the posts. It is inconceivable that an intelligent jury did not understand the measure of damages in this case.   The Court charged the law applicable to the case, and the defendant failed to submit a request to charge more specifically on the measure of damages.   In the very case quoted by defendant (*Collins-Plass Thayer Co. v. Hewlett,* 109 S. C., 245; 95 S. E., 510), as an authority to show that the Court committed error in failing to charge that the measure of damages was the difference in value of the posts before and after the fire, the Supreme Court says that the jury was not instructed in what the breach of the contract consisted, and the difference between a partial breach and an entire breach, and the legal consequences of such breaches, and the duty the plaintiff owed to the defendant in the event of a breach by the defendant, the measure of damages the plaintiff was entitled to, in the event of a recovery.   But a judgment ought not to be reversed unless it is manifestly wrong.'

"And the Court refused to reverse that case because the jury rendered a proper verdict.   It was also held in that case that it was not error for the Court to fail to construe a contract when its meaning was clear.   It was the intention of the Court in the present case to charge the law fully, applicable to the fact as given, and it would have been a pleasure

to have made the charge more specific if defendant's counsel had called the Court's attention to the matter.

"In the case of *Friedman v. Fludas,* 122 S. C. at page 154; 115 S. E., 200, the Supreme Court says: 'Counsel should present additional charges desired or error cannot be pronounced on the Court's failure to give them.' In the case of *Lawson v. Southern Railway Co.,* 91 S. C. at page 204; 74 S. E., 473, it is held: 'Where a party fails to request a legal proposition applicable to a special view of the evidence, he will not be heard on appeal to complain of failure to give such instructions.' In the case of *Dunlap v. Robinson,* 97 S. C., 85; 81 S. E., 428, it is held 'not error, if there is not reasonable ground to believe the charge affected the result.'

"The Court owes a duty to the plaintiff and defendant both in this case, and the Court must try to discharge that duty according to legal principles announced by the Supreme Court of this State, and, under the authorities above quoted and feeling that the failure to charge more specifically did not affect the verdict, the Court does not believe it would be justified in granting the motion for a new trial on ground 2.

"Therefore, it is ordered that the motion for a new trial in this case on the minutes of the Court, be and is hereby refused."

EXCEPTIONS

"I. That his Honor, the presiding Judge, erred in totally failing to instruct the jury as to the measure of damages, the error being: (a) That, under the Constitution of the State, the defendant was entitled without request to have the jury instructed on the measure of damages as one of the material issues of the case. (b) That there was evidence of the amount of damages immediately after the fire, and evidence pointing to a greater amount of damage at a period many months after the fire, and the defendant was entitled to have the jury instructed that the true measure of damages

was the difference between the value of the property immediately before and immediately after the fire; and the total failure to charge on the true measure of damages was harmful, in that it permitted the jury to fix the value of the damaged property at a time many months after the fire.

"II. That his Honor, the presiding Judge erred in refusing to grant defendant's motion for a new trial, the error being: (a) That the charge to the jury was totally without an instruction as to the measure of damages, which was a vital issue in the case. (b) That such failure to charge was prejudicial, in that it permitted the jury to adopt, as the measure of damages, the difference between the value of the property before the fire and the sale price of a portion of the damaged property at a time long removed from the date of the fire. (c) That such failure to charge left the jury totally without rule or guidance to fix or compute the damage."

The charge of his Honor, the presiding Judge, was more than six pages in length, in which he said to the jury:

"Now gentlemen if you come to the conclusion that these posts were burned as alleged in the complaint, your next inquiry will be how much has the plaintiff been damaged by such burning; that is the issue."

We deem it only necessary to quote from a single authority, in addition to those cited in the order refusing the new trial, to wit, *State v. Adams,* 68 S. C., 421; 47 S. E., 676, as follows:

"Failure to charge the jury that they could convict of murder and recommend to mercy, and that such recommendation would result in a sentence of life imprisonment instead of a sentence of death, has been held by this Court not to be reversible error, when there was no request for such a charge. *State v. Owens,* 44 S. C., 324; 22 S. E., 244. The rule is thus stated in *State v. Meyers,* 40 S. C., 556; 18 S. E., 892: 'As will be observed, in the first ground of appeal the appellant alleges that the Circuit Judge

erred in failing to make a charge that appellant now thinks
would have inured to his benefit.   By numerous decisions of
this Court it has been held to be the law in this State that
no such allegation of error will be considered in this Court
unless a request for such charge has been made to the Cir-
cuit Judge on the trial before him.'   See 11 Ency. P. & P.,
217, and the numerous authorities there cited.   The author
says:   'The failure of a Judge to charge upon any material
point usually results from inadvertence and the law casts
upon the parties the duty of calling the Judge's attention to
the matter.   If he then refuses to give a proper requested
instruction, such refusal is a ground of error; but a party
cannot, in a Court of error avail himself of an omission
which he made no effort to have supplied at the time.   The
Court cannot be presumed to do more in ordinary cases than
express its opinion upon the questions which the parties
themselves have raised on the trial.   It is not bound to sub-
mit to the jury any particular proposition of law unless its
attention is called to it.   If counsel desire to bring any view
of the law of the case before the jury, they must make such
view the subject of a request to charge, and, failing in this,
they cannot assign error.'

"Any other doctrine would, we think, produce overwhelm-
ing embarrassment and delay in the practical administration
of justice.   Under the Constitution of 1895, the rule has
been applied in *State v. Smith,* 57 S. C., 489; 35 S. E.,
727.   *State v. Chiles,* 58 S. C., 47; 36 S. E., 496.   *Young-
blood v. R. R. Co.,* 60 S. C., 9; 38 S. E., 232 [85 Am. St.
Rep., 824].   *Sudduth v. Sumeral,* 61 S. C., 276; 39 S. E.,
434 [534; 85 Am. St. Rep., 883]; and other cases.   The
doctrine is based on acquiescence and waiver.   It is true,
the Constitution of 1895 [Art. 5, § 26] requires the Judges
in charging juries 'to declare the law.'   But the right to
have all the law declared may be waived like any other right,
and an omission acquiesced in.   The failure to request in-
structions on any particular point is regarded waiver of the
right to such instruction and acquiescence in the omission.

"If the appellant, who was represented by most able and vigilant counsel, thought himself prejudiced by the inadvertent omission of the Circuit Judge to speak of the right of the jury to recommend to mercy and the effect of such recommendation, he should have requested the statement made."

The writer of this opinion wrote a dissenting opinion in that case.

The exceptions herein are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.